AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

Sealed
Public and unofficial st
to this instrum
prohibited by co:

United States Courts
Southern District of Texas
FILED

FEB - 2 2018

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Rodolfo "Rudy" Delgado | ) Case No. | H18-0129M |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 2016 - January 2018__ in the county of _____ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 666 | Bribery Concerning Programs Receiving Federal Funds |

This criminal complaint is based on these facts:
Please see attached bond.

☑ Continued on the attached sheet.

_Complainant's signature_

Peter Kilpatrick, Special Agent, FBI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: February 2, 2018

City and state: Houston, Texas

_Judge's signature_

Frances Stacy, US Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Peter Kilpatrick, being duly sworn, depose and state the following:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been so employed for approximately nine years. I am currently assigned to the Austin Resident Agency, San Antonio, Texas Field Office. Prior to being relocated to Austin in December 2017, I was assigned to the McAllen Resident Agency, San Antonio, Texas Field Office. I have participated in, and conducted, investigations involving public corruption, including investigations of elected and appointed public officials. I am thoroughly familiar with the investigative techniques used in these investigations such as the use of undercover agents, confidential human sources, cooperating witnesses, analysis of telephone toll and pen register information, search and seizure warrants, grand jury investigations, and the interception of wire and electronic communications.

2. I am an "investigative or law enforcement officer" as defined in Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

3. This affidavit is submitted in support of an arrest warrant and criminal complaint charging Rodolfo "Rudy" Delgado (hereinafter "Delgado"),

   Bribery concerning programs receiving federal funds in violation of Title 18, United States Code, Section 666.

   Delgado is currently the elected presiding judge for the 93rd District Court for the State of Texas, located in Edinburg, Texas.

4. The facts contained in this affidavit are based upon information provided to me by other law enforcement officers, other witnesses, and my own personal knowledge. Since this affidavit is made for the limited purpose of supporting a criminal complaint, I have not set forth each and every fact learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crime charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

5. Since November 2016, Special Agents of the FBI have been conducting an investigation into Delgado for the commission of the offenses described above. The investigation revealed that Delgado would accept bribes in exchange for favorable judicial consideration on cases pending in his courtroom.

1

6. Delgado obtained his license to practice law on May 14, 1982 (Texas Bar No. 05645550). As the 93rd Judicial District Court Judge, Delgado has jurisdiction over Texas criminal and civil cases located within Hidalgo County, which is located within the Southern District of Texas.

7. The State of Texas, County of Hidalgo, City of Edinburg, and Texas Judiciary all receive within any given one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

## Relevant Background

8. To investigate this case, the FBI utilized a confidential human source, (hereinafter CHS), who confessed to a history dating back to 2008 of bribing Judge Delgado in exchange for favorable judicial consideration on cases he/she had pending before Delgado. CHS is a licensed Texas attorney with criminal cases that have appeared on Delgado's court docket over the years.

9. CHS has known Delgado since 1999, and had advised FBI that he/she has paid Delgado multiple times dating back several years in exchange for future favorable rulings on criminal cases before Delgado. CHS explained to the FBI that the payments take multiple forms, including cash and items of value.

10. CHS and Delgado would typically set up the meeting by telephone. The bribe payment would occur in person. CHS and Delgado often employed coded language to communicate regarding the bribe.

11. CHS also identified at least two cases within the last two years in which he/she provided Delgado with a bribe for favorable judicial consideration. In both cases, Delgado placed the clients on bond after payment of the bribe. Court records confirm and corroborate CHS's statements that Delgado placed CHS's clients on bond.

## The Charged Offense

12. For over a year, CHS has worked with the FBI as a confidential human source. In that capacity, CHS participated in numerous consensually recorded phone calls and in-person meetings with Delgado. Of important note, on two separate occasions, CHS, in conjunction with his/her work with the FBI, provided Delgado with prerecorded official government funds in exchange for favorable judicial consideration on cases pending in his courtroom. CHS made telephone calls and sent text messages to Delgado in order to arrange the meetings at which these bribes occurred. In each instance, CHS provided Delgado with a bribe in exchange for an agreement by Delgado to place his/her client on bond. On both occasions, Delgado accepted the bribe and thereafter placed CHS's client on bond. These two bribe payments totaled approximately $520.00. FBI obtained court records confirming that Delgado placed CHS's clients on bond following receipt for the bribe.

13. On January 17, 2018, CHS, pursuant to FBI instructions, placed a consensually recorded telephone call to Delgado. Delgado did not answer the phone. CHS left a message, asking for Delgado to call him/her back.

14. Shortly thereafter, Delgado called CHS back. CHS, who was with the FBI and pursuant to FBI instructions, placed the call on speaker phone. The conversation was listened to by two FBI agents and CHS. During the phone call, CHS and Delgado made plans to meet at a restaurant located within the Southern District of Texas.

15. The FBI provided CHS with a white envelope containing $5,500 of prerecorded official government funds. The $5,500 was comprised of fifty $100 bills and twenty-five $20 dollar bills and the package was approximately half-inch thick. CHS was also equipped with audio/video recording devices. CHS departed the location in his/her vehicle and traveled directly to the restaurant.

16. FBI Agents maintained surveillance of CHS until he/she arrived at the restaurant. FBI Agents were also able to observe CHS meeting with Delgado and were also consensually monitoring the live audio recording. Upon arriving at the restaurant, at approximately 4:49 p.m., Delgado texted CHS "I am in the place. Come in the bar."

17. CHS texted Delgado the following response: "Judge u have something for you don't want to give it in the restaurant can you come outside won't take long." CHS followed it with a second text message that stated "I have something".

18. Upon receiving the text message from CHS, Delgado texted the following response, "Be out in a minute."

19. CHS texted back to Delgado, "OK."

20. A few minutes later, Delgado left the restaurant and entered CHS's vehicle, which was parked outside. Upon entering the vehicle, CHS stated that he/she had $5,500 cash for Delgado and in exchange, he/she needed Delgado's help on a case where his/her client had a pending motion to revoke.

21. Delgado acknowledged and accepted the bribe. Delgado then asked for the name of the client and the case number. Delgado then asked for CHS to write down the case information on a little sheet of paper. CHS complied with Delgado's request. Delgado took the envelope with $5,500 prerecorded official government funds and the piece of paper with the case information. Delgado advised that he would assist CHS with his/her case tomorrow. Delgado exited CHS's vehicle and returned to the restaurant.

22. At the conclusion of the meeting with Delgado, FBI observed CHS departing the restaurant and maintained surveillance until CHS arrived at a predetermined location. Agents conducted a search of CHS and CHS's vehicle, and the search revealed that CHS was no longer in possession of the bribe payment. The FBI also retrieved the audio/visual recording equipment.

3

23. The FBI verified that both an audio and visual recording of the transactions was successfully made.

24. The next day, January 18, 2018, Delgado placed CHS's client on bond. FBI obtained court records confirming that CHS's client was placed on bond. Based on information from CHS, and Texas statutory references, CHS's client's status did not guarantee that a bond would be set. The granting of the bond rested solely on the discretion of Delgado.

25. On January 29, 2018, Delgado sent a text message to CHS which stated, "Good evening, please call me. The campaign contribution needs to be by check. I need to return that to you so you can write a check. Sorry about the confusion, I though you knew and I did not open the envelope till today." I believe that this text message is an attempt by Delgado to cover up the bribe. Delgado had solicited campaign contributions from CHS in the past, but when CHS offered Delgado the bribe, he did not say that it was a campaign donation. Furthermore, CHS offered and Delgado accepted a thick white envelope full of prerecorded government funds. Based on the training and experience of your Affiant, the aforementioned envelope was too large to be mistaken as a check. Lastly, the manner in which CHS offered the bribe and Delgado accepted the bribe is consistent with how he has accepted these bribes in past transactions. Finally, I further believe that Delgado may have learned of this investigation, or now suspects that CHS is cooperating with law enforcement, and this text message is an attempt by Delgado to conceal his bribery activities.

26. Based upon the information delineated above, I believe that there is probable cause for the issuance of a criminal complaint and arrest warrant that prior to and including on January 17, 2018, RODOLFO "RUDY" DELGADO, the presiding judge of the 93rd District Court for the State of Texas, did knowingly corruptly solicit, demand, and accept money with the intent to be influenced and rewarded in connection with official actions occurring in his courtroom valued at $5,000 or more, all in violation of 18 U.S.C. §666 and 2.

Peter Kilpatrick
Special Agent, FBI

Sworn to before me this 2nd day of February, 2018, and I find probable cause.

Frances H Stacy
U.S. Magistrate Judge
S.D. Texas - Houston Division

4